IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

**SHAWN ROGERS**, individually, and on behalf of all others similarly situated

    Plaintiff,

v.

**WESTERN STOCK SHOW ASSOCIATION**; and
**PAUL D. ANDREWS**, individually, and in his official corporate capacity,

    Defendants.

---

**COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. § 201, *et seq.*
(Demand for Jury Trial)**

---

Plaintiff, Shawn Rogers ("Plaintiff"), individually, and on behalf of all other persons similarly situated who are current or former employees who are or were paid an hourly rate, sues the Defendants, Western Stock Show Association and Paul D. Andrews (collectively "Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendants' failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

2. Plaintiff brings this action on behalf of himself and all similarly-situated current and former employees of Defendants who were compensated at an hourly rate.

3. Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

4. Plaintiff brings a collective action under the FLSA to recover the unpaid minimum wages and overtime owed to him individually and on behalf of all other similarly-situated employees, current and former, of Defendants. Putative members of the Collective Action are referred to as the "Collective Members."

5. The Collective Members are all current and former employees who were employed by Defendants and paid an hourly rate of pay at any time starting three years before this Complaint was filed, up to the present.

6. Defendants own and operate an organization and venue in Denver County that holds events such as rodeos, livestock auctions, the National Western Stock Show, and other similar events.

7. At all relevant times, Defendants have violated the FLSA by engaging in the regular practice of requiring Plaintiff and the Collective Members to perform labor each shift while not clocked in ("off-the-clock"). This practice has most commonly occurred, though not exclusively, when Plaintiff and the Collective Members have nearied 40 hours worked in a given workweek. In other words, this practice has most commonly occurred to avoid paying Plaintiff and the Collective Members overtime. During such time, Defendants either did not record, or shaved from their records, the time that Plaintiff or the Collective Members worked, and Defendants have not compensated Plaintiff or the Collective Members for such time that they worked. As

such, Defendants' records of the time that Plaintiff and the Collective Members worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiff and the Collective Members to work.

8. By requiring Plaintiff and the Collective Members to work off-the-clock, Defendants violated both the minimum wage provisions of 29 U.S.C. § 206 and the overtime provisions of 29 U.S.C. § 207.

9. At all relevant times, Defendants have also engaged in the practice of deducting one half-hour from each of Plaintiff's and the Collective Members' shifts for lunch, regardless of whether they actually discontinued working for lunch or not.

10. By deducting in the practice of deducting one half-hour from each of Plaintiff's and the Collective Members' shifts for lunch, regardless of whether they actually discontinued working for lunch or not, Defendants violated both the minimum wage provisions of 29 U.S.C. § 206 and the overtime provisions of 29 U.S.C. § 207.

11. At all relevant times, Defendants have also engaged in the practice of not paying any overtime premium so Plaintiff and the Collective Members for any time spent working in excess of 40 hours in a given workweek during the National Western Stock Show–an event Defendants put on each year in January for 16 days.

12. By not paying any overtime premium so Plaintiff and the Collective Members for any time spent working in excess of 40 hours in a given workweek during the National Western Stock Show, Defendants violated the overtime provisions of 29 U.S.C. § 207.

## JURISDICTION AND VENUE

13. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Colorado, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## **PARTIES**

16. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

17. Plaintiff is an individual residing in Jefferson County, Colorado, and is a current employee of Defendants.

18. At all relevant times, Plaintiff has been employed by Defendants as a parking attendant/cashier since approximately January 2019.

19. At all material times, Plaintiff has been paid by Defendants at an hourly rate that has ranged between approximately $11 and $13.

20. At all material times, Plaintiff was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

21. Plaintiff has given his written consent to be a Representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is appended hereto as **Exhibit A**.

22. At all material times, Defendant Western Stock Show Association has been a corporation duly licensed to transact business in the State of Colorado.

23. Defendant Western Stock Show Association does business, has offices, and maintains agents for the transaction of its customary business in Denver County, Colorado.

24. At all material times, Defendant Western Stock Show Association is Plaintiff's and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

25. Under the FLSA, Defendant Western Stock Show Association is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Western Stock Show Association has had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants. Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff and the Collective Members, Defendant Western Stock Show Association is subject to liability under the FLSA.

26. At all material times, Defendant Paul D. Andrews is Plaintiff's and the Collective Members' "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

27. Under the FLSA, Defendant Paul D. Andrews is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Paul D. Andrews has had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's and the Collective Members' employment with Defendants. Having acted in the interest of Defendants in relation to the company's employees, including Plaintiff, Defendant Paul D. Andrews is subject to liability under the FLSA.

## STATEMENT OF FACTS

28. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

29. At all material times, Plaintiff and the Collective Members, in their work for Defendants, have been employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

30. At all relevant times, Defendants have required Plaintiff and the Collective Members to perform labor each shift while not clocked in ("off-the-clock"). This practice most commonly, though not exclusively, occurred when Plaintiff and the Collective Members have neared 40 hours worked in a given workweek and ostensibly in order to avoid paying Plaintiff and the Collective Members overtime.

6

31. During such time, Defendants either did not record, or shaved from records, the time that Plaintiff or the Collective Members worked, and Defendants have not compensated Plaintiff or the Collective Members for such time that they worked.

32. As such, Defendants' records of the time that Plaintiff and the Collective Members worked, if in existence, understate the duration of time each workweek that Defendants suffered or permitted Plaintiff and the Collective Members to work.

33. By requiring Plaintiff and the Collective Members to work off-the-clock, Defendants violated both the minimum wage provisions of 29 U.S.C. § 206 and the overtime provisions of 29 U.S.C. § 207.

34. At all relevant times, Defendants have also engaged in the practice of deducting one half-hour from each of Plaintiff's and the Collective Members' shifts for lunch, regardless of whether they actually discontinued working for lunch or not.

35. In doing so, Defendants required Plaintiff and the Collective Members to either not take a lunch or eat their lunch while continuing to perform work.

36. By engaging in the practice of deducting one half-hour from each of Plaintiff's and the Collective Members' shifts for lunch, regardless of whether they actually discontinued working for lunch or not, Defendants violated both the minimum wage provisions of 29 U.S.C. § 206 and the overtime provisions of 29 U.S.C. § 207.

37. At all relevant times, Defendants have also engaged in the practice of not paying any overtime premium to Plaintiff and the Collective Members for any time spent working in excess of 40 hours in a given workweek during the National Western Stock Show–an event Defendants put on each year in January for 16 days.

38. By not paying any overtime premium so Plaintiff and the Collective Members for any time spent working in excess of 40 hours in a given workweek during the National Western Stock Show, Defendants violated the overtime provisions of 29 U.S.C. § 207.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

39. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

40. Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

41. Plaintiff asserts those claims on behalf of himself, and on behalf of all similarly situated tipped employees employed by Defendants, who were not paid all compensation required by the FLSA during the relevant time period as a result of Defendants' compensation policies and practices.

42. Plaintiff seeks to notify the following employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All individuals who worked at any time during the past three years for Defendants who were paid for their work on an hourly basis.**

43. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiff and similarly situated employees' claims arise out of Defendants' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this

action be given to all such employees employed by Defendants within three years from the filing of this Complaint.

44. Upon information and belief, Defendants have employed more than 50 such employees during the period relevant to this action.

45. The identities of these employees, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

46. Because these similarly situated employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

47. Collective adjudication is appropriate in this case because the employees whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff; have performed work similar to Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff have been subjected, including unlawful payment of sub-minimum wages for non-tipped work and unlawful application of the FLSA's tip credit provisions.

## COUNT I: FAIR LABOR STANDARDS ACT
## MINIMUM WAGE–OFF-CLOCK WORK/TIME SHAVING

48. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

49. At all relevant times, Defendants have required Plaintiff and the Collective Members to perform labor each shift while not clocked in ("off-the-clock"). This practice

most commonly, though not exclusively, occurred when Plaintiff and the Collective Members have neared 40 hours worked in a given workweek and ostensibly in order to avoid paying Plaintiff and the Collective Members overtime.

50. During such time, Defendants either did not record, or shaved from records, the time that Plaintiff or the Collective Members worked, and Defendants have not compensated Plaintiff or the Collective Members for such time that they worked.

51. Such a practice by Defendants resulted in Plaintiff and the Collective Members not receiving at least the applicable minimum wage for all hours worked.

52. As a result, Defendants violated the minimum wage provisions of the FLSA, 29 U.S.C. § 206.

**WHEREFORE**, Plaintiff, Shawn Rogers, on behalf of himself and all other similarly situated persons, respectfully requests that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT II: FAIR LABOR STANDARDS ACT OVERTIME–OFF-CLOCK WORK/TIME SHAVING

53. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54. At all relevant times, Defendants have required Plaintiff and the Collective Members to perform labor each shift while not clocked in ("off-the-clock"). This practice most commonly, though not exclusively, occurred when Plaintiff and the Collective

Members have neared 40 hours worked in a given workweek and ostensibly in order to avoid paying Plaintiff and the Collective Members overtime.

55. During such time, Defendants either did not record, or shaved from records, the time that Plaintiff or the Collective Members worked, and Defendants have not compensated Plaintiff or the Collective Members for such time that they worked.

56. Such a practice by Defendants resulted in Plaintiff and the Collective Members not receiving one and one-half times their regular rates of pay for all time they spent working in excess of 40 hours in a given workweek.

57. As a result, Defendants violated the overtime provisions of the FLSA, 29 U.S.C. § 207.

**WHEREFORE**, Plaintiff, Shawn Rogers, on behalf of himself and all other similarly situated persons, respectfully requests that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendants for compensation for unpaid overtime wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT III: FAIR LABOR STANDARDS ACT
### MINIMUM WAGE–AUTOMATIC DEDUCTIONS FOR LUNCH BREAKS

58. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59. At all relevant times, engaged in the practice of deducting one half-hour from each of Plaintiff's and the Collective Members' shifts for lunch, regardless of whether they actually discontinued working for lunch or not.

60. In doing so, Defendants required Plaintiff and the Collective Members to either not take a lunch or eat their lunch while continuing to perform work.

61. By engaging in such a practice, Defendants did not pay at least the applicable minimum wage for all hours worked to Plaintiff and the Collective Members.

62. As a result, Defendants violated the minimum wage provisions of the FLSA, 29 U.S.C. § 206.

**WHEREFORE**, Plaintiff, Shawn Rogers, on behalf of himself and all other similarly situated persons, respectfully requests that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT IV: FAIR LABOR STANDARDS ACT OVERTIME–AUTOMATIC DEDUCTIONS FOR LUNCH BREAKS

63. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64. At all relevant times, engaged in the practice of deducting one half-hour from each of Plaintiff's and the Collective Members' shifts for lunch, regardless of whether they actually discontinued working for lunch or not.

65. In doing so, Defendants required Plaintiff and the Collective Members to either not take a lunch or eat their lunch while continuing to perform work.

66. Such a practice by Defendants resulted in Plaintiff and the Collective Members not receiving one and one-half times their regular rates of pay for all time they spent working in excess of 40 hours in a given workweek.

67. As a result, Defendants violated the overtime provisions of the FLSA, 29 U.S.C. § 207.

**WHEREFORE**, Plaintiff, Shawn Rogers, on behalf of himself and all other similarly situated persons, respectfully requests that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT V: FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME DURING NATIONAL WESTERN STOCK SHOW

68. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69. At all relevant times, Defendants engaged in the practice of not paying any overtime premium to Plaintiff and the Collective Members for any time spent working in excess of 40 hours in a given workweek during the National Western Stock Show–an event Defendants put on each year in January for 16 days.

70. Such a practice by Defendants resulted in Plaintiff and the Collective Members not receiving one and one-half times their regular rates of pay for all time they spent working in excess of 40 hours in a given workweek.

71. As a result, Defendants violated the overtime provisions of the FLSA, 29 U.S.C. § 207.

**WHEREFORE**, Plaintiff, Shawn Rogers, on behalf of himself and all other similarly situated persons, respectfully requests that this Court grant relief in Plaintiff's and the Collective Members' favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiffs demand a jury on all issues so triable.

RESPECTFULLY SUBMITTED this July 17, 2019.

        BENDAU & BENDAU PLLC

        By: /s/ *Clifford P. Bendau, II*
        Clifford P. Bendau, II
        Christopher J. Bendau
        BENDAU & BENDAU PLLC
        P.O. Box 97066
        Phoenix, Arizona 85060
        Telephone: (480) 382-5176
        Fax: (480) 304-3805
        Email: cliffordbendau@bendaulaw.com
               chris@bendaulaw.com

        THE LAW OFFICES OF SIMON & SIMON

        By: /s/ *James L. Simon*
        James L. Simon (OH No. 0089483)
        6000 Freedom Square Dr.
        Independence, OH 44131
        Telephone: (216) 525-8890
        Facsimile: (216) 642-5814
        Email: jameslsimonlaw@yahoo.com

        *Attorneys for Plaintiff*